UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Supreme Raheem Ackbar, #182864, *a/k/a Ronald Gary, #275886*, and | ) C/A No. 4:19-2045-RMG-TER ) ) |
| Robert Lee Mitchell, #140920, | ) ORDER ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| Scott Lewis, C. Hindenburg, Officer Jacobs, | ) ) ) ) |
| Defendants. | ) ) |

This is a civil rights action filed by two state prisoners, proceeding *pro se.* Both Mitchell and Ackbar signed the Compliant.

While this Circuit has not ruled on the issue of whether multiple prisoner plaintiffs are allowed to join under Rule 20 of the Federal Rules of Civil Procedure, or the issue of fee payment in a case filed by multiple prisoners, the United States Court of Appeals for the Eleventh Circuit addressed these issues in *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001), and found that prisoners may not join in one action. The *Hubbard* court reasoned that, because the plain language of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), requires each prisoner proceeding in forma pauperis to pay the full filing fee, it was appropriate to sever the claims and require each prisoner to file a separate lawsuit. *Hubbard,* 262 F.3d at 1198. Even in light of more flexible holdings in other circuits regarding permissive joinder of multiple prisoner plaintiffs, *see Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137-38 (6th Cir. 1997), **courts in this district have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action**. *See Williams v. Jones*, No. 9:14-787-RMG-BM, 2014 WL 2155251, at *10 (D.S.C. May 22, 2014) (adopting report and recommendation collecting cases which find *Hubbard* persuasive); *McFadden v. Fuller*, No. 2:13-2290-JMC, 2013 WL 6182365, at *2 (D.S.C. Nov. 22, 2013) (agreeing with the magistrate judge's conclusion that multiple prisoner plaintiffs "should not be allowed to proceed under one joint action"); *see also Carroll v. United States,* No. 5:14-2167-JMC, 2015 WL 854927, at *9-10 (D.S.C. Feb. 27, 2015) (denying joinder of seventy pro se prisoners as co-plaintiffs and noting that the "court has discretion to disallow joinder when it is infeasible or prejudicial"). Each Plaintiffs' claim will require individualized determinations. *See also McFadden,* 2013 WL 6182365 at *1 (noting that "each Plaintiff would need to meet the exhaustion requirement of the PLRA and might be entitled to differing amounts of damages").

Moreover, Rule 20 governs the requirements as to who may be joined as plaintiffs: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Given the differences in resulting injury from any liberally construed alleged denial of access to courts claim between each Plaintiff in this case, they are not part of the same transaction and occurrence and do not meet the Rule 20 requirements for joinder.

For all these reasons, the court concludes that the claims of the two Plaintiffs in the instant action should be separated for initial review.

**TO THE CLERK OF COURT:**
The captioned case shall pertain only to the first named Plaintiff, Supreme Raheem Ackbar, #182864, a/k/a Ronald Gary, #275886. Therefore, the Clerk of Court is directed to terminate Robert Lee Mitchell as Plaintiff in the above-referenced case. The Clerk of Court is further directed to assign a separate civil action number for Plaintiff Mitchell terminated in this case. The Clerk of Court shall file this order as the initial docket entry in the newly created case, and shall re-file the Complaint (ECF No. 1) and the Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) in the newly created action. The defendants in the newly created case will be the same defendants listed in the captioned case. The Clerk of Court is authorized to determine the most efficient manner and time for entering the new case number, party information, and pleading information on the court's electronic case management system. However, when the new case is docketed, the undersigned Magistrate Judge is to be assigned to Plaintiff Mitchell's new cause number and will conduct an initial review pursuant to the General Order issued in *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), 28 U.S.C. § 1915, and 28 U.S.C. § 1915A. The Clerk is directed to mail this order to both Mitchell and Ackbar.

For statute of limitations purposes, Plaintiff Mitchell's new cause number shall be considered filed as the same date the original complaint in this action was filed.

**IT IS SO ORDERED**.

July 26, 2019 Florence,
South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge