**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Robert L. Mitchell, | ) | Civil Action No. 4:19-cv-2114-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scott Lewis, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff's Appeal and Objection (Dkt. No. 17) to the Magistrate

Judge's Order (Dkt. No. 14) requiring Plaintiff to comply with the Court's proper form order and

denying a motion to strike. For the reasons set forth below, the Court overrules Plaintiff's

Objections.

## I. Background

Plaintiff Mitchell filed this action pursuant to 42 U.S.C. § 1983, alleging various

constitutional violations while Plaintiff was incarcerated. (Dkt. No. 1.) On July 29, 2019, the

Magistrate Judge issued a proper form order, directing the Plaintiff to file an amended complaint

within twenty-one days to cure various pleading deficiencies in his Complaint. (Dkt. No. 7.) The

Plaintiff failed to file an amended complaint, and instead filed a "motion to strike," seeking to

strike the Magistrate Judge's proper form order. (Dkt. No. 10.) The Magistrate Judge, in a text

order, denied the motion to strike and reiterated that the Plaintiff must file an amended complaint

to cure pleading deficiencies, setting a new deadline for September 26, 2019. (Dkt. No. 14.)

Plaintiff failed to comply with that deadline as well, and instead objected the Magistrate

Judge's decision to this Court, arguing the Magistrate Judge's order was "submerged with malice,"

introduced "scandalous matter" and that the Magistrate Judge is biased and should recuse himself

from the case. (Dkt. No. 17.) The Court addresses these matters and affirms the holdings of the Magistrate Judge.

## II.    Legal Standard

Review of a magistrate judge's decision on non-dispositive matters is deferential and a magistrate judge's order on such issues will be set aside only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Owens v. Stirling*, No. 015MC00254TLWPJG, 2016 WL 3397586, at *2 (D.S.C. June 21, 2016) (applying the clearly erroneous or contrary to law standard to objections to a magistrate judge's discovery order). A decision "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).[1]

## III.    Discussion

The Court finds that the Magistrate Judge has ably addressed these issues. The Court, as required by *Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015) and Fourth Circuit cases applying *Goode*, provided Plaintiff with an opportunity to amend his complaint to cure pleading deficiencies. The Court reiterated this holding via text order. Given the pleading deficiencies laid out in the Magistrate Judge's proper form order (Dkt. No. 7), the Court agrees that it is proper for Plaintiff to be given time to amend his complaint to cure any deficiencies. Plaintiff, however, has failed to comply with the court's orders and his Complaint remains deficient in the manner detailed by the Magistrate Judge. Therefore, the Court denies Plaintiff's appeal and objections, and requires Plaintiff to file an amended complaint no later than twenty-one (21) days after the issuance of this Order. Should Plaintiff fail to comply with this Order, his

---

[1] After reviewing the entire docket and record in this case, the Court holds that it would affirm the ruling of the Magistrate Judge even if applying a *de novo* standard of review.

Complaint will be subject to dismissal with prejudice for failure to comply with an Order of the Court pursuant to Rule 41.

Finally, in his objection, Plaintiff makes reference to a judge having to "recuse himself" for "personal bias or prejudice." To the extent Plaintiff seeks the recusal of Judge Gergel and Judge Rogers in his objections, that request is denied. *See Liteky v. United States*, 510 U.S. 540, 551 (1994) ("[T]he judge is not…recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes… necessary to completion of the judge's task").

## IV.     Conclusion

For the foregoing reasons, the Court **OVERRULES** the Plaintiff's Objections (Dkt. No. 17), **AFFIRMS** the Magistrate Judge's Orders (Dkt. Nos. 7, 14) and **ORDERS** that the Plaintiff file an amended complaint curing the deficiencies detailed by the magistrate judge in the proper form order (Dkt. No. 7) within **TWENTY-ONE (21) DAYS** of this Order.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November _C_, 2019
Charleston, South Carolina