IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Robert L. Mitchell, # 140920 | ) | Civil Action No. 4:19-2114-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Scott Lewis, C. Hindenburg, and Officer Jacobs, | ) | |
| Defendants. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 28), recommending that the complaint be dismissed with prejudice as frivolous. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the complaint with prejudice and without issuance and service of process.

I. **Background**

Robert Mitchell is an incarcerated person proceeding *pro se* and *in forma pauperis* to bring this action pursuant to 42 U.S.C. § 1983. He alleges that his constitutional rights were violated when his prison cell toilet did not have enough running water to flush for a short period of time, that he smelled the toilet odor while eating lunch inside the cell, that the cell window has a metal plate on it, and that he was unable to make photocopies of legal materials. (Dkt. No. 2 at 18-23.) The complaint alleges that steps to appeal his prison grievances were taken by himself, but styled as "Plaintiff Supreme R. Ackbar," having filed "numerous grievances with meritorious issues and received abuse of process as in this case." (*Id.* at 9, 17.) He seeks $300,000 compensatory damages and $300,000 punitive damages from each defendant. (*Id.* at 7.)

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews it to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

Mitchell filed the complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence a federal action without prepaying the administrative costs with proceeding with the lawsuit. The district court may dismiss such a complaint if it "fails to state a claim on which relief can be granted," is "frivolous or malicious," or "seeks monitory relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous where it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissal may be *sua sponte* if the claim is based on a meritless legal theory. 28 U.S.C. § 1915(e)(2)(B).

The Court finds that the Magistrate Judge correctly concluded that Mitchell's claims are frivolous and therefore subject to dismissal. The allegation of limited prison cell water service for a period of time does not rise to the level of a constitutional deprivation. *See Colberth v. Olson*, No. 4:09-cv-3213-JFA-TER, 2011 WL 976737, at *1 (D.S.C. Mar. 17, 2011.) Nor is smelling toilet odor for a period of time a constitutional violation. *See Kershaw v. Abraham*, No. 4:18-1176-BHH, 2018 WL 4095577 (D.S.C. Aug. 28, 2018). Similarly, the allegation of a metal

plate on the cell window is not severe enough that it denies the "minimal civilized measures of life's necessities." *Wright v. Lassiter*, No. 1:18-cv-0090-FDW, 2018 WL 4186418, at *10 (W.D.N.C. Aug. 30, 2018). Last, the allegation that Mitchell is unable to copy legal materials in the prison is not pled with any specificity such that makes out a claim for failure to provide access to the courts. *See Cochran v. Morris*, 73 F.2d 1310, 1317 (4th Cir. 1996).

Because Mitchell failed to amend the pleading after repeat notices and court orders (Dkt. Nos. 14, 20), the complaint is subject to dismissal with prejudice. *See Workman v. Morrison Healthcare*, 724 Fed. Appx. 280 (4th Cir. June 4, 2018) (Table); *Mitchell v. Unknown*, 2018 WL 3387457 (4th Cir. July 11, 2018) (unpublished).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 28) as the order of the Court. The complaint (Dkt. No. 2) is **DISMISSED WITH PREJUDICE** and without issuance and service of process. This action counts as a strike pursuant to 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

February 27, 2020
Charleston, South Carolina